**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **DARYL NUTT,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **CASE NO. 1:16-cv-433** |
| **TEXAS FARMERS INSURANCE** | § | |
| **COMPANY,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

## NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel, comes Defendant, Texas Farmers Insurance Company ("Texas Farmers"), a Write-Your-Own ("WYO") Program carrier[1] participating in the United States government's National Flood Insurance Program ("NFIP"), pursuant to the National Flood Insurance Act of 1968 ("NFIA"), as amended, and appearing herein in its "fiduciary"[2] capacity as the "fiscal agent of the United States."[3]  As discussed herein, Plaintiff's lawsuit may only be addressed in this Court, regardless of the amount in controversy, as Plaintiff has succinctly placed at issue matters exclusively regulated by FEMA under authority of the Congress pursuant to 42 U.S.C. § 4013(a).  Texas Farmers, therefore, files this Notice of Removal removing this matter from the 419th Judicial District Court of Travis County, Texas to the docket of this Honorable Court and would respectfully show as follows:

---

[1] 42 U.S.C. § 4001, *et seq.*
[2] 44 C.F.R. § 62.23(f).
[3] 42 U.S.C. § 4071(a)(1); *Gowland v. Aetna Cas. & Surety Co.*, 143 F.3d 951, 953 (5th Cir. 1998).

1.      On or about March 2, 2016, Plaintiff, Daryl Nutt, filed a lawsuit against Texas Farmers in the 419th Judicial District Court of Travis County, Texas bearing Cause No. D-1-GN-16-000907.  (*See* Exhibit A) (certified copy of Plaintiff's lawsuit and all pleadings served to date).

2.      Texas Farmers hereby removes this case from state court to this federal court pursuant to 42 U.S.C. § 4072; 44 C.F.R. Pt. 61, App. A(1), Art. VII(R), IX; 28 U.S.C. § 1331; 28 U.S.C. § 1331; 28 U.S.C. § 1337; 28 U.S.C. § 1367; and 28 U.S.C. § 1441(c).

**A.      REVIEW OF PLAINTIFF'S PETITION FOR DAMAGES**

3.      In the first unnumbered paragraph of Plaintiff's Original Petition ("Petition"), Plaintiff names Texas Farmers as a defendant in this matter.

4.      At paragraph 6 of Plaintiff's Petition, Plaintiff alleges that Texas Farmers issued a flood insurance policy, number 87027835882010 ("SFIP") to Plaintiff for a policy period of June 16, 2010 to June 16, 2011.

5.      At paragraph 6, Plaintiff identifies as Exhibit "B" a Notice of Special Flood Hazards and Availability of Federal Disaster Relief Assistance form identifying the subject property as being located in a Special Flood Hazard Area.  Plaintiff's Exhibit "B" states that federal law required Plaintiff to purchase flood insurance in order to secure the mortgage on the subject property.

6.      At paragraph 6, Plaintiff identifies as Exhibit "C" a copy of the 2010-2011 SFIP Declaration Page.

7.      At paragraphs 10, Plaintiff asserts that either Wells Fargo or Texas Farmers failed to "make premium payments and maintain the policy" placed at issue "after" the policy term of 2011-2012.

8.      At paragraph 11, Plaintiff alleges that Texas Farmers "failed to renew the policy and/or send them a renewal policy, bill, or cancellation notice."

9.      At paragraph 11, Plaintiff further asserts that he did not receive notices from Texas Farmer and that Texas Farmers did not cooperate with Wells Fargo with regard to renewal of the SFIP placed at issue by Plaintiff.

10.     At paragraph 12, Plaintiff alleges that his original SFIP was subject to a "grandfathering rule," under the rules of the NFIP, for SFIPs already in effect when new FEMA flood maps become effective.

11.     At paragraph 12, Plaintiff again alleges that Texas Farmers "failed to renew the policy and/or send Wells Fargo or Plaintiff a renewal policy, bill, cancellation notice or any kind of notice."  According to Plaintiff, Texas Farmers "intentionally caused the grandfathered policy to lapse" by failing to "maintain the policy."

12.     At paragraph 15, Plaintiff alleges that Texas Farmers breached the SFIP contract due to the foregoing failures.

13.     At paragraph 16, Plaintiff alleges damages based upon Texas Farmers' alleged failure to maintain the grandfathered SFIP that was in place.

**B.      THE FEDERAL GOVERNMENT'S RULES AND THE WYO PROGRAM CARRIER'S ROLE**

14.     Congress underwrites all operations of the NFIP through the U.S. Treasury.  This includes appropriations for both the adjustment of claims and the payment of those claims. Similarly, Congress has conferred "rule-making power upon the agency created for carrying out its policy," specifically the Federal Emergency Management Agency ("FEMA").  *See* 44 C.F.R. § 4013(a).

15.     The WYO Program carrier is authorized to issue the SFIP on behalf of the federal government pursuant to the "Arrangement" between itself and FEMA, set forth at 44 C.F.R. Pt. 62, App. A.

16.     The WYO Program carrier cannot waive, alter, or amend any of the provisions of the SFIP.  *See* 44 C.F.R. § 61.13(d); 44 C.F.R. Pt. 61, App. A(1), Art. VII(D) (2007 – 2011 editions).   Further, no one has the authority to tailor or alter NFIP policies backed by the government.  44 C.F.R. § 62.23.

17.     The WYO Program carrier's role, as set forth in the Arrangement, is to *market, sell, and administer* SFIP policies as well as handle claims under SFIPs that it is authorized to issue on behalf of the federal government.   To this end, FEMA recently issued a bulletin clarifying its long-standing position as to its program that *all* claims regarding the SFIP, from the initial sale forward, are governed by federal law alone.   It is clear that Texas Farmers, in its WYO capacity, is conducting all of these actions in its fiduciary capacity as the "fiscal agent" of the United States.  44 C.F.R. § 62.23(f); 42 U.S.C. § 4071(a)(1).

18.     All flood claim payments made by a WYO Program carrier, such as Texas Farmers, under an SFIP are made out of a segregated account containing U.S. Treasury funds, as required by 44 C.F.R. Pt. 62, App. A, Art. III.[4]   The Fifth Circuit has held that "payments made pursuant to that policy are 'a direct charge on the public treasury.'"  *Gowland*, 143 F.3d at 955, (citing *In re Estate of Lee*, 812 F.2d 253, 256 (5th Cir. 1987)).   The Eleventh Circuit analyzed what funds are at stake in the NFIP with regard to claims for interest and noted that "claim payments come out of FEMA's pocket regardless of how they are paid."   *Newton v. Capital Assur. Co., Inc.*, 245 F.3d 1306, 1311 (11th Cir. 2001).   Additionally, the cost of litigation

---

[4] *See also* 44 C.F.R. Pt. 62, App. A, Art. III(D)(1)-(3).

arising from Plaintiff's claims, including damage awards relating to the marketing, sales, and administration of the SFIP, is compensated by the NFIP.[5]

19.     Effective October 1, 2004, there was a revised "Arrangement" between FEMA and all WYO Program carriers.   In that revised Arrangement, FEMA further clarified its regulations to make clear that, in addition to disputes arising from claims handling, policy sales and administration are performed by the WYO Program carriers (a) in their fiduciary capacity to the government, (b) utilizing federal funds, and (c) governed by extensive federal regulations.

20.     Moreover, FEMA stated its view that "any" such litigation states a federal question.  Each of these points is now clearly stated within the revised Arrangement:

> Whereas, FIA has promulgated regulations and guidance implementing the Act and the Write-Your-Own Program whereby participating private insurance companies act in a fiduciary capacity utilizing federal funds to sell and administer the Standard Flood Insurance Policies, and has extensively regulated the participating companies' activities when selling or administering the Standard Flood Insurance Policies; and

> Whereas any litigation resulting from, related to, or arising from the Company's compliance with the written standards, procedures, and guidance issued by FEMA or FIA arises under the Act, regulations, or FIA guidance, and legal issues thereunder raise a federal question . . . .

44 C.F.R. Pt. 62, App. A, Article I ("Findings, Purpose, and Authority").

21.     The NFIP, the SFIP, and the WYO Program carriers participating in the NFIP are all governed by federal law—not state law.  *See West v. Harris*, 573 F.2d 873 (5th Cir. 1978).  In *West*, the court stated the following:

> Since the flood insurance program is a child of Congress, conceived to achieve policies which are national in scope, and since the federal government participates extensively in the program both in a supervisory capacity and financially, it is clear that the interest in uniformity of decision present in this case mandates the application of federal law.

573 F.2d at 881

---

[5] 44 C.F.R. §62.23(i)(6); 44 C.F.R. Pt. 62, App. A, Art. III(D)(2).

C.   **FEDERAL JURISDICTION**

    (1)   **42 U.S.C. § 4072 – Original Exclusive Jurisdiction**

22.   42 U.S.C. § 4072 conveys "original exclusive" jurisdiction over claims involving administration of matters under the SFIP. *See C.E.R. 1988, Inc. v. Aetna Cas. & Sur. Co.*, 386 F.3d 263, 267 n.4 (3d Cir. 2004).

23.   Plaintiff is aware of the requirement of filing in federal court as SFIP Article VII(R) clearly states that all disputes "must file suit in the United States District Court of the district in which the covered property was located at the time of the loss." Texas Farmers is not suggesting that jurisdiction can be created by contract but is, instead, pointing out that Plaintiff was fully aware of the requirement of filing in federal court. Further, because the SFIP is a codified federal regulation, Plaintiff is charged with the knowledge of this requirement. *See Fed. Crop Ins. Corp. v. Merrill*, 332 U.S. 380, 384-85 (1947).

24.   Plaintiff in this matter has pled that Texas Farmers has breached a duty under state law to maintain Plaintiff's NFIP SFIP. Plaintiff claims specifically cite alleged actions by Texas Farmers in the course of Plaintiff's *active* SFIP. Precisely placed at issue by Plaintiff is Texas Farmers' standard of care in the "administration" of Plaintiff's SFIP. As it is clearly FEMA's position that such "claims" are governed exclusively by federal law, jurisdiction over this matter is exclusive to this Honorable Court.

    (2)   **28 U.S.C. 1331 – Federal Question Jurisdiction**

25.   The SFIP itself is a codified federal regulation found in its entirety at 44 C.F.R. Pt. 61, App. A(1) and is governed exclusively by federal laws and the NFIA. As per the terms of the SFIP, "[t]his policy and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood

Insurance Act of 1968, as amended (42 U.S.C. § 4001, *et seq*.), and federal common law."  44 C.F.R. Pt. 61, App. A(1), Art. IX.  The federal regulations promulgated by FEMA under authority of 42 U.S.C. § 4013(a) that govern Texas Farmers' fiduciary duties to FEMA and the NFIP are found at 44 C.F.R. §59.1 *et seq*.  Because these regulations must be interpreted using federal common law, federal jurisdiction exists pursuant to 28 U.S.C. § 1331.

26.     The SFIP is a federal regulation.  The process of determining eligibility for the issuance of a SFIP and for maintaining the SFIP is governed exclusively by FEMA.  Necessarily, the interpretation of the SFIP and FEMA regulations to determine whether Texas Farmers breached a standard of care imposed by FEMA would require the interpretation of the NFIA and the federal regulations imposed by FEMA, *i.e.*, a federal question.  *Any* address of the WYO Program carrier's interpretation of NFIP rules, regulations, and statutes regarding the sale and administration of an SFIP gives rise to federal question.  *See* 44 C.F.R. Pt. 62, App A, Art. I. Thus, there is federal question jurisdiction under 28 U.S.C. § 1331, and the case is, therefore, also removable pursuant to 28 U.S.C.  § 1441(a) and (c).

27.     Plaintiff at bar is alleging that a standard of care was breached by Texas Farmers in the course of Plaintiff's existing SFIP.  Each of Plaintiff's allegations asserts federal question regarding the WYO Program carrier's administration of Plaintiff's SFIP.  Further, as discussed herein, any payment or award of damages to Plaintiff would be a "direct charge on the public treasury" and would be "binding" upon the federal government.  *Gowland*, 143 F.3d at 955; 44 C.F.R. Pt. 62, App. A, Art. II(F); 44 C.F.R. §62.23(i)(6); 44 C.F.R. Pt. 62, App. A, Art. III(D)(2). Therefore, this case is taking place entirely at the expense of the U.S. Treasury.

28.     Pursuant to 28 U.S.C. § 1331 and by operation of 28 U.S.C. § 1441(a) and (c), Texas Farmers asserts that there are multiple federal questions presented within Plaintiff's Petition thereby making the action removable pursuant to 28 U.S.C. § 1331.

**(3)     U.S. Treasury Funds Are at Stake**

29.     Whether or not Texas Farmers breached a standard of care in this case, Texas Farmers' role as a WYO Program carrier takes place as the fiscal agent of the United States. *See* 42 U.S.C. § 4071(a)(1); 44 C.F.R. Pt. 62, App. A, Art. III.  NFIP claims are funded by the U.S. Treasury. *See Evanoff v. Standard Fire Ins. Co.,* 534 F.3d 516, 519-520 (6th Cir. 2008); *Palmieri v. Allstate Ins .Co.*, 445 F.3d 179, 183 (2nd Cir. 2006); *Gallup v. Omaha Prop. & Cas. Ins. Co.*, 434 F.3d 341, 342 (5th Cir. 2005); *Wright v. Allstate*, 415 F.3d 384, 386 (5th Cir. 2005); *Gowland*, 143 F.3d at 955.  FEMA's regulations make clear that payments made by the WYO carriers "shall be binding upon the FIA."   44 C.F.R. § 62.23(i)(1).   FEMA's "Arrangement" with the WYO Program companies, such as Texas Farmers, also makes clear that federal funds are utilized to pay the claims directly and not through a reimbursement mechanism. *See* 44 C.F.R. Pt. 62, App. A, Arts. II(E), III(D)(1), IV(A); *Flick v. Liberty Mut. Fire Ins. Co.*, 205 F.3d 386, 393 n.10 (9th Cir. 2000).

30.     Regarding the instant litigation, FEMA's Arrangement with the WYO Program carriers establishes that all of Texas Farmers' defense costs will be paid by the Program if litigation arises.  44 C.F.R. Pt. 62, App. A, Art. III(C)(3), (D)(2); 44 C.F.R. Pt. 62.23(i)(b), (9); *Newton v. Capital Assur. Co., Inc*., 245 F.3d 1306, 1312 (11th Cir. 2001)

31.     In addition to the foregoing, the scope of the Arrangement between the United States government and Texas Farmers includes the "selling and administering" of standard flood insurance policies with federal funds.  44 C.F.R. Pt. 62, App. A, Art. I, (5)-(6).  As Texas

Farmers has engaged in these activities "in a fiduciary capacity," all of Texas Farmers' activities are "extensively regulated . . . when selling or administering the Standard Flood Insurance Policy." *Id.* These points are further made clear by Arrangement Articles II(A), (D), and (G). Therefore, in accord with the terms of the Arrangement at Article II(D)(2), litigation expenses are born by the U.S. Treasury.

32.     Finally, there is a presumption that federal funds are at risk in NFIP litigation, including the sale and administration of flood policies. *See Grissom*, 678 F.3d at 402. There is, therefore, no question that federal funds are at stake in the selling, marketing, and issuance of SFIPs.

### D.    FEDERAL JURISDICTION ALSO EXISTS BECAUSE THE PETITION BRINGS INTO PLAY AN ACT OF CONGRESS REGULATING COMMERCE.

33.     Removal of this case is also proper under 28 U.S.C. § 1337, which provides that the district court shall have original jurisdiction of any civil action or proceeding arising under any act of Congress regulating interstate commerce. 28 U.S.C. § 1337 is not subject to the well-pleaded-complaint rule. Under § 1337, removal is proper where the facts alleged in the plaintiff's petition bring into play an act of Congress that regulates commerce, regardless of whether any reference to the said act appears in the plaintiff's pleading. *Uncle Ben's Int'l Div. of Uncle Ben's Inc. v. Hapag-Lloyd Aktiengesellschaft*, 855 F.2d 215, 216-17 (5th Cir. 1988); *Puerto Rico v. Sea-Land Serv., Inc.*, 349 F.Supp.964, 973-74 (D.P.R. 1970); *Crispin Co. v. Lykes Bros. Steamship Co.*, 134 F.Supp.704, 706 (S.D.Tex. 1955).

34.     Clearly, under the National Flood Insurance Act, 42 U.S.C. § 4001, *et seq.*, Congress is regulating commerce by promulgating the complex and comprehensive statutory

scheme that is commonly described as the National Flood Insurance Act.  As recognized in *C.E.R. 1988*:

> The insurance industry in the United States operates in interstate commerce. States may regulate the insurance industry only to the extent Congress permits. U.S. Const. art. I, § 8, cl. 3.  The McCarren-Ferguson Act, 15 U.S.C. § 1011, *et seq.*, grants states this power except where Congress enacts legislation that 'specifically relates to the business of insurance.'  15 U.S.C. § 1012 (b).  In *Barnett Bank of Marion County v. Nelson*, 517 U.S. 25, 116 S.Ct 1103, 134 L.Ed.2d 237 (1996), the Supreme Court held that the exception for acts relating to the business of insurance should be construed broadly, noting that '[t]he word 'relates' is highly general.'  *Id.* at 38, 116 S.Ct. 1103.  Without doubt the NFIA is congressionally-enacted legislation relating to the business of insurance.

386 F.3d at 267 n.3.

35.     Beyond the general proposition that the NFIA regulates commerce, it is also clear that, in a more particularized sense, the Act expressly regulates claims, claims handling, and "the conditions of insurability."  *See*, *e.g.*, 42 U.S.C. §§ 4013, 4019.  Plainly, federal laws affecting commerce are involved in the facts put at issue in Plaintiff's Petition, and removal is proper pursuant to 28 U.S.C. § 1337.

## E.     THERE IS SUPPLEMENTAL JURISDICTION OVER ANY STATE LAW CLAIMS.

36.     To the extent that any of Plaintiff's claims are not subject to federal jurisdiction, this Court has jurisdiction over all such claims under 28 U.S.C. § 1367, which provides that "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. §1367; *see also Exxon Mobile Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 557 (2005).

37.     Claims put at issue in Plaintiff's Petition arise from alleged misrepresentations made by Texas Farmers during the application for Plaintiff's SFIP and after the issuance of

Plaintiff's SFIP.  As such, all of Plaintiff's legal claims arise from the same nucleus of operative facts: the alleged breach of a standard of care both in Plaintiff's application for an SFIP and after issuance of the SFIP.  Therefore, this Court has supplemental jurisdiction over Plaintiff's state-law claims to the extent that such claims are viable in the context of a federal insurance program.

### F.      PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN MET.

38.     Upon information and belief, this matter was filed in the 419th Judicial District Court of Travis County, Texas on March 2, 2016.  Plaintiff Texas Farmers on or about March 17, 2016.  Removal of this lawsuit has, therefore, been filed within the required 30-day period.

39.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), as the property and the majority of the transactions at issue occurred within the jurisdictional territory of this District.

40.     Pursuant to 28 U.S.C. § 1446(a), a copy of all processes, pleadings, and orders served on Texas Farmers to date is attached hereto as Exhibit A.

41.     Texas Farmers Insurance Company consents to this removal, and there are no other defendants.

### CONCLUSION

WHEREFORE, Defendant, Texas Farmers Insurance Company, prays that this Notice of Removal will be deemed good and sufficient, and that this matter will be accepted onto this Court's docket.

Dated: April 5, 2016                Respectfully submitted,

                                    **BAKER & HOSTETLER LLP**

                                    By:  */s/ Bradley K. Jones*
                                         Douglas D. D'Arche
                                         State Bar No. 00793582
                                         Federal ID No. 19437
                                         Bradley K. Jones
                                         State Bar No. 24060041
                                         Federal ID No. 931122
                                         811 Main St., Suite 1100
                                         Houston, Texas  77002
                                         Telephone: (713) 751-1600
                                         Facsimile:  (713) 751-1717
                                         E-mail: ddarche@bakerlaw.com
                                         bkjones@bakerlaw.com

                                    **COUNSEL FOR DEFENDANT,**
                                    **TEXAS FARMERS INSURANCE COMPANY**


                        <u>**CERTIFICATE OF SERVICE**</u>

       I hereby certify that on this 5th day of April, 2016 a true and correct copy of the
foregoing document has been served on all counsel of record via certified mail, return receipt
requested.

                                    */s/ Bradley K. Jones*
                                    Bradley K. Jones